IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BENIGNO PAEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:19-CV-185-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS and**
**TO DISMISS PETITIONER'S MOTION TO VACATE**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner BENIGNO PAEZ challenging the constitutional legality or validity of his federal court conviction and sentence. For the reasons set forth below, respondent's motion to dismiss should be GRANTED, and petitioner's motion to vacate should be DISMISSED.

I.
BACKGROUND/ PROCEDURAL HISTORY

On August 16, 2017, petitioner pleaded guilty, pursuant to a plea agreement, to the felony offenses of (1) possession with intent to distribute methamphetamine, and (2) possession of a firearm in furtherance of a drug trafficking crime. *United States v. Paez*, No. 2:17-CR-43(02) [ECF 92, 99]. On November 29, 2017, the Court convicted petitioner of the said offenses and sentenced him to a 188-month term of imprisonment for the possession offense, and a 60-month term of imprisonment for the firearm offense, such sentences to run consecutively to one another. [ECF 142]. On June 23, 2019 and July 31, 2019, petitioner forwarded correspondence to the United States Court of Appeals for the Fifth Circuit inquiring as to the filing of a notice of appeal in his criminal case. [ECF 183 at 2-3].

On July 1, 2019 and on August 2, 2019, the Fifth Circuit advised petitioner a "notice of appeal was never filed" in his case, that he did not have an appeal with that court, and that he "should file with the district court." [*Id*.].

On September 16, 2019, petitioner submitted handwritten correspondence to this Court asserting he was denied effective assistance of counsel in his criminal proceeding because counsel "never asked" petitioner if he wanted to appeal his sentence. [ECF 183]. The Court construed petitioner's correspondence as an attempt to initiate a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody,* and docketed petitioner's motion under a new civil cause number. *Paez v. United States*, No. 2:19-CV-185 [ECF 2]. On November 15, 2019, per this Court's instructions, petitioner filed an amended motion to vacate on the form required by federal courts in the Northern District of Texas. [ECF 6]. On December 27, 2019, respondent filed a motion to dismiss petitioner's section 2255 motion as untimely. [ECF 10]. Petitioner did not file a response in opposition to the motion to dismiss.

## II.
## PETITIONER'S CLAIM

Petitioner asserts he was denied his constitutional right to effective assistance of counsel in his underlying criminal proceeding because trial counsel failed to file a notice of appeal challenging petitioner's conviction and sentence despite petitioner's request, at the November 29, 2017 sentencing, that he do so.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2255 establishes a one-year limitation period for filing a motion to vacate, set aside or correct sentence in federal court. That section provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;

  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  Petitioner does not assert the Government created an unconstitutional impediment to his filing the instant motion, nor does he assert the violation of a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Instead, petitioner challenges his conviction and November 29, 2017 Judgment and sentence on a ground which did not exist as of the date petitioner's sentence was assessed but could have been discovered through the exercise of due diligence shortly thereafter. Consequently, this case is controlled by subsection (4) of section 2255's limitation period provisions.

  In his sole ground, petitioner contends counsel was ineffective for failing to file a notice of appeal. Although petitioner does not assert when he discovered the facts supporting this claim, such facts and claim could have been discovered through the exercise of due diligence shortly after petitioner's judgment of conviction became final, that is, after the time for filing petitioner's notice of appeal expired on December 31, 2017. Even if petitioner was not initially aware of the 14-day time period in which to file a notice of appeal, he could have, through the exercise of due diligence discovered the deadline for filing a notice of appeal within a reasonable period of time and, through due diligence, could have discovered his counsel did not file a timely notice of appeal on his behalf. Absent extenuating circumstances, which petitioner does not allege occurred here, petitioner should have been able to discover, through the exercise of due diligence, the facts supporting his claim that counsel did not file a timely notice of appeal no later than 30 days after Judgment was entered in this cause, that is on or before December 29, 2017. Petitioner does not indicate he inquired of his counsel

or this Court as to the status of any appeal, and his first inquiry to the Fifth Circuit Court of Appeals regarding any appeal was not until June 23, 2019. Even liberally construing the statute, this Court cannot, in good faith, find petitioner could not have discovered, with the exercise of due diligence, that counsel did not file an appeal on his behalf until more than a year and half after his sentencing (November 29, 2017 to June 23, 2019). Even after learning from the Fifth Circuit, on or about July 3, 2019, that no appeal had been filed in his case, petitioner still did not file a motion to vacate, albeit through correspondence rather than by the required form motion, for almost another 2 ½ months. Petitioner did not file his motion to vacate asserting ineffective assistance of counsel for counsel's failure to file a notice of appeal until September 16, 2019, almost 21 months after he could have discovered the claim through the exercise of due diligence. Petitioner's motion to vacate is untimely and should be dismissed.

## IV. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's motion to dismiss [ECF 10] be GRANTED, and the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* filed by petitioner BENIGNO PAEZ be DISMISSED as time barred by the statute of limitations.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 14, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).