# United States Court of Appeals
# for the Fifth Circuit

No. 20-10991

A True Copy
Certified order issued Nov 12, 2020

*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

versus

BENIGNO PAEZ,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-185

Before DAVIS, SOUTHWICK, and HAYNES, *Circuit Judges*.

PER CURIAM:

  This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). Pursuant to 28 U.S.C. § 2107(b) and Federal Rule of Appellate Procedure 4(a)(1)(B), the notice of appeal in a civil action in which the United States is a party must be filed within sixty days of entry of the judgment or order from which appeal is taken. A motion brought under 28 U.S.C. § 2255 is a civil action to which the sixty-day appeal period applies. *United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

No. 20-10991

      In this 28 U.S.C. § 2255 proceeding, the final judgment was entered and certificate of appealability was denied on March 16, 2020. Accordingly, the final day for filing a timely notice of appeal was May 15, 2020. Defendant pro se has filed this second notice of appeal from the final judgment. It is not dated, and it was filed on September 29, 2020 more than six months after the final judgment. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988). Accordingly, the appeal is DISMISSED for want of jurisdiction.